1

2

3

4

5                         IN THE UNITED STATES DISTRICT COURT

6                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10

MICHELLE MEEKS,                              No. 11-1021 CW

11
              Petitioner,                    ORDER DENYING
12                                           PETITIONER'S
      v.                                     MOTION TO REMAND
13                                           AND GRANTING
HMS HOST dba GORDON BIERSCH @ SFO;           RESPONDENTS'
14 HOTEL EMPLOYEES & RESTAURANT              MOTION TO DISMISS
EMPLOYEES LOCAL # 2,
15
              Respondents.
16 _____/

17

18        Petitioner Michelle Meeks moves to remand this case, which is

19 a petition to vacate an arbitration award, to state court and

20 Respondents Bay Area Restaurant Group (BARG), improperly named as

21 HMS Host dba Gordon Biersch @ SFO, and Unite Here! Local 2 (Local

22 2), improperly named as Hotel Employees and Restaurant Employees

23 Local # 2, move to dismiss.  Respondents have opposed the motion to

24 remand and Petitioner has opposed the motion to dismiss.  The

25 matters were taken under submission and decided on the papers.

26 Having considered all the papers filed by the parties, the Court

27 denies the motion to remand and grants the motion to dismiss.

28

BACKGROUND

BARG is responsible for the operations of the Gordon Biersch Restaurant located in the San Francisco Airport (SFO). Local 2 is a labor organization which represents certain BARG employees, including Petitioner. BARG and Local 2 are parties to a collective bargaining agreement (CBA) which includes grievance and arbitration provisions. CBA at 20-22. Petitioner worked as a bartender at the Gordon Biersch Restaurant from 1983 to November 10, 2008, when BARG terminated her employment due to events that occurred on October 28, 2008. Petitioner was discharged when a loss prevention manager observed that she failed to record two sales or to deposit the cash received from one of the sales into her register, that she over-poured alcoholic beverages and that she failed to check identification before serving alcoholic beverages. The terms and conditions of Petitioner's employment were governed by the CBA.

Local 2 timely grieved the termination of Petitioner's employment and submitted the dispute to arbitration under the terms of the CBA. The arbitration was heard in two sessions, on December 2 and 18, 2009. Following the arbitration hearings, BARG and Local 2 submitted post-hearing briefs. On May 5, 2010, the arbitrator issued his opinion and award, denying the grievance in its entirety.

On February 1, 2011, in state court, Petitioner filed this petition to vacate the arbitration award, in which she also asserts a claim for breach of the duty of fair representation against Local 2, under 29 U.S.C. § 185 of the National Labor Relations Act (NLRA), and claims that her constitutional rights were violated

2

because she received ineffective assistance of counsel and was denied her right to a trial by jury at the arbitration proceedings. She also challenges the constitutionality of the NLRA.

On March 4, 2011, Respondents jointly removed the petition to federal court.

DISCUSSION

I. Motion to Remand

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter.  28 U.S.C. § 1441(a).  Title 28 U.S.C. § 1447 provides that, if at any time before judgment, it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded.  28 U.S.C. § 1447(c).  On a motion to remand, the scope of the removal statute must be strictly construed.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id.  Ordinarily, federal question jurisdiction is determined by examining the face of the plaintiff's properly pleaded complaint.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987).

A claim that a union breached its duty of fair representation arises under federal statutes and is governed by federal law.  Vaca v. Sipes, 386 U.S. 171, 177 (1967).  A claim for ineffective assistance of counsel arises under the Sixth Amendment to the

**United States District Court**
For the Northern District of California

3

United States District Court
For the Northern District of California

United States Constitution, see <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and a claim for denial of the right to a jury trial arises under the Seventh Amendment to the Constitution.

The claims for breach of the duty of fair representation, ineffective assistance of counsel and violation of the right to a jury trial are apparent from the face of Petitioner's petition and, thus, it is apparent that she is asserting federal causes of action which give rise to federal question jurisdiction. For this reason, Respondents' removal of the petition was proper.

Petitioner argues, however, that this Court lacks jurisdiction over her petition. She contends that, because she filed first, she has the right to choose the forum in which she litigates her claims. She also argues that federal courts exist only as regional martial or commercial tribunals carrying out non-judicial functions and that the NLRA is unconstitutional because it was beyond the scope of Congress' authority under the commerce clause to enact it. These arguments and several others that she raises are without merit. <u>See</u> <u>NLRB v. Jones & Laughlin Steel Corp.</u>, 301 U.S. 1, 30-31 (1937) (holding NLRA is constitutional). Petitioner's motion to remand is denied.

II. Motion to Dismiss

A. Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of

4

a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).

B. Analysis

1. Petition to Vacate Arbitration Award

Respondents argue that, under both California and federal law, to have standing to challenge an arbitration award, a person must be a party to the arbitration agreement.  Petitioner does not respond to this argument.

Section 1285 of the California Code of Civil Procedure provides that "any party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award." Section 1280(e) of the California Code of Civil Procedure defines "party to the arbitration" as a party to the arbitration agreement: (1) who seeks to arbitrate a controversy under the agreement;

5

(2) against whom such arbitration is sought pursuant to the agreement, or (3) who is made a party to such arbitration by order of the neutral arbitrator upon such party's application, upon the application of any other party to the arbitration or upon the neutral arbitrator's own determination.

Under California law,

> when an employee grievance is arbitrated under the terms of a collective bargaining agreement (CBA) between an employer and a union, the individual employee does not have standing to petition to vacate the award unless (1) the CBA contains a provision expressly giving employees themselves the right to submit disputes to arbitration, or (2) the arbitrator has made the employee a party to the arbitration under Code of Civil Procedure section 1280 subdivision (3).

Melander v. Hughes Aircraft Co., 194 Cal. App. 3d 542, 543-44 (1987).

Under federal law, "a district court 'may make an order vacating the award upon the application of any party to the arbitration.'" 9 U.S.C. § 10; Jacoba v. United States Postal Serv., 1999 WL 111790, *1 (N.D. Cal.). However, "only parties to the arbitration . . . have standing to challenge the award." Id. (citing Lofton v. United States Postal Serv., 592 F. Supp. 36, 38 (S.D.N.Y. 1984).

The CBA provides that only BARG or Local 2 may submit a dispute to arbitration. CBA §§ 39(c) and (d). Petitioner does not point to any provision that expressly gives employees the right to submit disputes to arbitration. The arbitration itself is titled, "In the Matter of a Controversy Between Host International, Inc. at the San Francisco Int'l Airport and Unite Here! Local 2," indicating that the parties to the arbitration were Petitioner's employer and union,

and not Petitioner.  The arbitrator confirmed this in the first page of the his opinion, stating, "This dispute arises under the Collective Bargaining Agreement between the above-named parties." Petitioner fails to cite anything in the arbitrator's opinion which indicates that he made her a party to the arbitration.

Because Petitioner was not a party to the underlying arbitration in this case, she lacks standing to challenge the award under either California or federal law.  Therefore, this claim is dismissed.  Leave to amend is not granted because amendment would be futile.  Because Petitioner lacks standing on this claim, the Court does not address Respondents' arguments that the claim is time-barred and that Petitioner has failed to plead a valid legal or factual basis for vacating the award.

　　　　2. Breach of Duty of Fair Representation

Respondents argue that Petitioner's claim for breach of the duty of fair representation is time-barred.  Petitioner argues that equitable tolling should apply.

Under Section 10(b) of the NLRA, 29 U.S.C. § 160(b), a plaintiff has six months to bring a claim against a union for breach of the duty of fair representation.  DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 172 (1983).  Generally, the limitations period begins to run when the employee "discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [violation]."  Galindo v. Stoody Co., 793 F.2d 1502, 1509 (9th Cir. 1986) (internal quotations and citations omitted).

In her petition, Petitioner alleges that, during the

7

**United States District Court**
For the Northern District of California

arbitration proceeding, Local 2 committed acts that were contrary to her best interest and failed to act in her best interest. Petition at 25-29. Thus, Local 2's conduct that gives rise to Petitioner's claim occurred in December, 2009, when the arbitration hearing took place. Arguably, Petitioner would not have known of Local 2's breach of the duty of fair representation until she learned of the adverse arbitration decision, which issued on May 5, 2010. Petitioner argues that she did not become aware of Local 2's breach until it notified her, after the arbitration award issued, that "there is nothing more that we can do." Petition at 8. This communication was made on May 16, 2010. Petitioner filed the petition on February 1, 2011, approximately thirteen months after the hearing and eight months after the issuance of the arbitration award. Therefore, if the claim accrued on any of these dates, the petition was filed after the six-month statutory deadline and must be dismissed for this reason.

Petitioner also argues that her claim should be equitably tolled until November 24, 2010, when she met with attorney William R. Henshall and she first learned that she could file a claim for breach of the duty of fair representation. Opposition at 13.

A litigant seeking equitable tolling bears the burden of establishing: (1) that he or she has been pursuing legal rights diligently, and (2) that some extraordinary circumstance stood in his or her way. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). Equitable tolling may be invoked to "excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period." <u>Leorna v. United States</u>

8

United States District Court
For the Northern District of California

1  <u>Dep't of State</u>, 105 F.3d 548, 551 (9th Cir. 1997).  However,

2  equitable tolling focuses on the plaintiff's excusable ignorance of

3  the limitations period and cannot be used to avoid the consequences

4  of the plaintiff's negligence.  <u>Lehman v. United States</u>, 154 F.3d

5  1010, 1016 (9th Cir. 1998).  Thus, an employee's ignorance of his

6  statutory rights, in itself, will not toll the statute of

7  limitations.  <u>Taylor v. West Oregon Elec. Cooperative, Inc.</u>, 2005 WL

8  2709540, *5 (D. Or.); <u>see also</u> <u>Rasberry v. Garcia</u>, 448 F.3d 1150,

9  1154 (9th Cir. 2006) (joining many other circuits in holding that

10 pro se petitioner's lack of legal sophistication is not, by itself,

11 an extraordinary circumstance warranting equitable tolling).

12     Based on this authority, even if Petitioner was ignorant of her

13 legal rights until she met with an attorney, equitable tolling would

14 not apply.  The case she cites, <u>Frandsen v. Brotherhood of Ry.,</u>

15 <u>Airline and Steamship Clerks, Freight Handlers, and Station</u>

16 <u>Employees</u>, 782 F.2d 674, 681 (7th Cir. 1986), held that the statute

17 of limitations was tolled during the time a plaintiff pursued intra-

18 union grievance procedures.  <u>Frandsen</u> does not aid Petitioner

19 because her petition is untimely even if the statute began to run

20 after her grievance process ended, when Local 2 told her it could do

21 no more for her.

22     Because Petitioner filed her claim for breach of the duty of

23 fair representation after the six-month statute of limitations had

24 elapsed and, because equitable tolling does not apply, her claim is

25 untimely and must be dismissed.

26     Moreover, even if Petitioner's claim were timely, it would fail

27 on the merits.

28
                                    9

United States District Court
For the Northern District of California

1    In order to bring a successful claim for breach of the duty of

2  fair representation against a union, a plaintiff must demonstrate

3  that the union's "actions are either 'arbitrary, discriminatory, or

4  in bad faith.'"  Air Line Pilots v. O'Neill, 499 U.S. 65, 67 (1991)

5  (quoting Vaca, 386 U.S. at 190.  "A union's actions are arbitrary

6  only if, in light of the factual and legal landscape at the time of

7  the union's actions, the union's behavior is so far outside a 'wide

8  range of reasonableness,' as to be irrational."  Id.  For a

9  plaintiff to prove that a union's actions were discriminatory or in

10  bad faith, "[t]here must be 'substantial evidence of fraud,

11  deceitful action or dishonest conduct.'"  Amalgamated Ass'n of

12  Street, Elec. Ry. and Motor Coach Employees of America v. Lockridge,

13  403 U.S. 274, 299 (1971).

14    Petitioner alleges that Local 2 made multiple mistakes

15  throughout the arbitration proceeding, such as failing to object to

16  the lack of training of an important witness or to impeach him with

17  contradictory testimony, stipulating to certain acts by Petitioner

18  and failing to object to the conduct of the pre-termination

19  investigation.  Petition at 11-14.  She also alleges that Local 2

20  made a mistake by failing to inform her, after the proceeding, that

21  she could file a motion to vacate the award.  Id. at 11.  However,

22  Petitioner also admits that Local 2 "did actively participate in

23  Petitioner's defense throughout the proceedings, and even submitted

24  a Closing Brief which if read & acted upon by Arbitrator Silver

25  should have resulted in a dismissal of the charges against

26  Petitioner."  Id.

27    Petitioner's allegations, taken as true, are insufficient to

28                                10

**United States District Court**
For the Northern District of California

1   establish that Local 2 acted arbitrarily, discriminatorily or in bad

2   faith.  As acknowledged by Petitioner herself, Local 2 presented a

3   vigorous and cogent defense.  That it might have failed to make some

4   objections which, in hindsight, might have been beneficial to

5   Petitioner, is not the type of conduct that gives rise to a claim

6   for breach of the duty of fair representation.  Moreover, as

7   discussed previously, Petitioner lacked standing to move to vacate

8   the award.  Thus, Local 2 would have no reason to inform Petitioner

9   that she could move to vacate the award and its failure to do so

10  does not constitute a breach of its duty.  Therefore, on the merits,

11  Petitioner has failed to state a claim upon which relief may be

12  granted.

13      Respondents' motion to dismiss this claim is granted.

14  Dismissal is without leave to amend because amendment would be

15  futile.

16          3. Constitutional Claims

17      Petitioner's claims of ineffective assistance of counsel and

18  failure to receive a jury trial must be dismissed for failure to

19  state a claim upon which relief may be granted.  A claim for

20  ineffective assistance of counsel arises under the Sixth Amendment

21  to the United States Constitution which states, "In all criminal

22  prosecutions, the accused shall . . . have the assistance of counsel

23  for his defense."  Thus, a right to effective assistance of counsel

24  arises only in criminal proceedings.  Petitioner's allegations that

25  the arbitration was akin to a criminal proceeding because she was

26  accused of the crime of theft, does not transform the arbitration of

27  her employment termination from a civil to a criminal proceeding.

28                                  11

1 Because the arbitration was a civil proceeding, Petitioner did not

2 have the right to effective assistance of counsel under the Sixth

3 Amendment.

4     Although the Seventh Amendment guarantees the right to a jury

5 trial in civil suits, the United States Supreme Court has

6 consistently approved the use of arbitration as a form of

7 alternative dispute resolution, which is a proceeding without a

8 jury.  See Republic Steel Corp. v. Maddox, 379 U.S. 650, 664-65

9 (1965) (holding that a union representing a worker may, by contract,

10 take away from the worker his right to sue and with it the right to

11 a jury trial); 14 Penn Plaza LLC v. Pyett, 129 S. Ct. 1456, 1470

12 (2009) (agreement to resolve discrimination claim by way of

13 arbitration instead of litigation does not waive statutory right to

14 be free from discrimination, it waives only right to seek relief

15 from a court in the first instance).  Therefore, Petitioner's cause

16 of action based on a violation of her right to a jury trial fails to

17 state a claim and must be dismissed.

18     Petitioner's claim that the NLRA is unconstitutional fails

19 because the Act has long been held to be constitutional by the

20 United States Supreme Court.  See Jones & Laughlin Steel Corp., 301

21 U.S. at 30-31.

22     Therefore, Petitioner's allegations of constitutional

23 violations are dismissed for failure to state a claim upon which

24 relief may be granted.  These claims are dismissed without leave to

25 amend because amendment would be futile.

26                          CONCLUSION

27     Based upon the foregoing, Petitioner's motion to remand is

28                              12

denied (docket no. 30) and Respondents' motion to dismiss is granted
(docket no. 11).   Judgment in favor of Respondents shall be entered
separately.   All parties shall bear their own costs of suit.

        IT IS SO ORDERED.


Dated: 11/8/2011                          _Claudia Wilken_____
                                          CLAUDIA WILKEN
                                          United States District Judge

13

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MEEKS et al,

        Plaintiff,

  v.

HMS HOST et al,

        Defendant.
_____/

Case Number: CV11-01021 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 8, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michelle  Meeks
1788 Hamlet Street
San Mateo,  CA 94403

Dated: November 8, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

**United States District Court**
For the Northern District of California

14